**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-3602-CIV-MORENO

JUAN DELGADO,

    Plaintiff,

vs.

COLE MUFFLER, INC., a Florida Corp., and COLE
MUFFLER, INC., a New York Corp.,

    Defendants.
_____/

FILED by ___ D.C.
JUL 19 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## JURY VERDICT

WE, THE JURY, find as follows:

1. Was defendant Cole Muffler, Inc., a New York corporation, plaintiff Juan Delgado's joint employer?

    YES ✓    or    NO ____

If you answer "Yes" to this question, all other questions relate to both defendants, Cole Muffler, Inc. of New York and Cole Muffler, Inc. of Florida.

If you answer "No" to this question, all other questions relate only to defendant Cole Muffler, Inc. of Florida.

2. Did the defendant(s) unlawfully retaliate against plaintiff Juan Delgado?

    YES ____    or    NO ✓

If you answered "Yes" to Question #2, your verdict on this claim is for plaintiff Juan Delgado. Please proceed to answer Questions #3 & #4.

If you answered "No" to Question #2, your verdict on this claim is for the defendant(s). Do not answer Question #3, but proceed to answer Question #5.

EXHIBIT B

3. What is the amount of damages, if any, that you award the plaintiff?

   $ _____ Back Pay, if any

   $ _____ Other Compensatory Damages, if any

   Proceed to Question #4.

4. Do you find that the defendant(s) should be punished?

   YES _____ or NO _____

   If yes, what is the amount of punitive damages, if any, you award plaintiff?

   $ _____

5. Did the defendant(s) discharge Juan Delgado because it perceived he had a disability?

   YES ✓ or NO _____

   If you answered "No" to Question #5, your verdict on this claim is for the defendant(s). Do not answer Question #6, but proceed to sign and date the verdict form.

   If you answered "Yes" to Question #5, your verdict is for plaintiff Juan Delgado on this claim. Thus, you must answer Question #6.

6. What is the amount of damages, if any, that you award the plaintiff on this claim.

   $ 26,850.00 Back Pay, if any

   $ 150,000.00 Other Compensatory Damages, if any

SO SAY WE ALL.

_____          7-19-01
FOREPERSON'S SIGNATURE           DATE

2

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARK DECARLO,

    Plaintiff,

v.                                                             4:14cv388–WS/CAS

CITY OF TALLAHASSEE,

    Defendant.

_____

## VERDICT FORM

**Do you find from a preponderance of the evidence:**

1. That the City of Tallahassee took adverse action against Mark DeCarlo because he engaged in "protected activity"—that is, because he made disclosures of wrongdoing by City agents or employees.

        __X__ YES       _____ NO

2(a). That Mark DeCarlo had a disability or was perceived by the City as having a disability.

        __X__ YES       _____ NO

    If you answered "NO" to question 2(a), proceed to question 3(a). If you answer "YES" to question 2(a), answer question 2(b).

FILED IN OPEN COURT THIS

March 2, 2016
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

2(b). That Mark DeCarlo was a "qualified individual."

    __X__ YES      _____ NO

**If you answered "NO" to question 2(b), proceed to question 3(a). If you answer "YES" to question 2(b), answer question 2(c).**

2(c). That the City took adverse action against Mark DeCarlo.

    __X__ YES      _____ NO

**If you answered "NO" to question 2(c), proceed to question 3(a). If you answer "YES" to question 2(c), answer question 2(d).**

2(d). That the City took adverse action against Mark DeCarlo because of his disability or perceived disability.

    __X__ YES      _____ NO

3(a). That Mark DeCarlo engaged in protected activity under the Americans with Disabilities Act—that is, he complained about disability discrimination.

    __X__ YES      _____ NO

**If you answered "NO" to question 3(a), proceed to question 4. If you answer "YES" to question 3(a), answer question 3(b).**

3(b). That the City took adverse employment action against Mark DeCarlo.

    __X__ YES      _____ NO

**If you answered "NO" to question 3(b), proceed to question 4. If you answered "YES" to question 3(b), answer question 3(c).**

3(c). That the City took adverse employment action against Mark DeCarlo because he engaged in protected activity.

__X__ YES  _____ NO

**If you answered "YES" to question 1, 2(d), and/or 3(c), please answer question 4.**

4. That Mark DeCarlo should be awarded damages to compensate him for a net loss of wages, benefits, and other economic losses to the date of your verdict.

__X__ YES  _____ NO

**If your answer is "YES," in what amount?**

Net lost wages            $ 90,429

Net lost benefits         $ 28,200

Other economic losses:

    Dr. Knoll's fee     $ 1,700

    Dr. Bourdini's fee $ 25,000

**If you answered "YES" to question 2(d) and/or 3(c), please answer question 5.**

5. That Mark DeCarlo should be awarded damages to compensate him for emotional pain and mental anguish?

__X__ YES  _____ NO

**If your answer is "YES," in what amount?**

For past mental anguish       $ 200,000

For future mental anguish?    $ 500,000

SO SAY WE ALL.

[signature]

DATE: 02 MARCH 2014

[redacted]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 13-CV-60948-BRANNON

SERGE BRALO,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.

_____,

FILED by _____ D.C.

FEB 1 3 2014

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. W.P.B.

Do you find from a preponderance of the evidence:

### FMLA – INTERFERENCE CLAIM

1. That Mr. Bralo was entitled to FMLA leave for the period May 4, 2012 to May 20, 2012?

    Answer Yes or No __**Yes**__

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

2. That Mr. Bralo gave Spirit Airlines proper notice that he suffered from multiple serious medical conditions and required FMLA leave for the period May 4, 2012 to May 20, 2012?

    Answer Yes or No __**NO**__

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

3. That Spirit Airlines interfered with Mr. Bralo's right to take leave during the period May 4, 2012 to May 20, 2012 by refusing to allow the request for leave, ignoring his request for reinstatement, and terminating Mr. Bralo on July 3, 2012?

    Answer Yes or No _____

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

4. That Spirit Airlines refused to allow the request for leave, ignored his request for

reinstatement, and terminated Mr. Bralo for reasons that were unrelated to Mr. Bralo's attempt to take FMLA leave for the period May 4, 2012 to May 20, 2012?

Answer Yes or No_____

If your answer is "Yes," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "No," go to the next question.

5. That Mr. Bralo should be awarded damages?

Answer Yes or No_____

If your answer is "Yes," in what amount? $ _____

## FMLA - RETALIATION CLAIM

6. That Mr. Bralo was entitled to FMLA leave for the period May 4, 2012 to May 20, 2012?

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

7. That Mr. Bralo gave Spirit Airlines proper notice that he suffered from multiple serious medical conditions and required FMLA leave for the period May 4, 2012 to May 20, 2012?

    Answer Yes or No __No__

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

8. That Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo?

    Answer Yes or No _____

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go on to the next question.

9. That Spirit Airlines' refusal to allow the request for leave, ignoring his request for reinstatement, and termination of Mr. Bralo's employment was an "adverse employment action"?

    Answer Yes or No _____

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

10. That Spirit Airlines refused to allow the request for leave, ignored his request for reinstatement, and terminated Mr. Bralo on July 3, 2012, because Mr. Bralo sought FMLA leave for the period May 4, 2012 to May 20, 2012?

    Answer Yes or No _____

    If your answer is "No," this ends your deliberations as to this claim, and you should go to the next claim. If your answer is "Yes," go to the next question.

11.  That Mr. Bralo should be awarded damages?

   Answer Yes or No_____

   If your answer is "Yes," in what amount? $ _____

## ADA & FCRA - ACCOMMODATION CLAIMS

12. That Mr. Bralo had a "disability?"

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

13. That Mr. Bralo was a "qualified individual?"

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

14. That Spirit Airlines knew of Mr. Bralo's disability?

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

15. That Mr. Bralo requested an accommodation?

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

16. That a reasonable accommodation existed that would have allowed Mr. Bralo to perform the essential functions of the job?

    Answer Yes or No __Yes__

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

17. That Spirit Airlines failed to provide a reasonable accommodation?

    Answer Yes or No __Yes__

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

18. That Spirit Airlines made good faith efforts to engage in an interactive dialogue with Mr. Bralo to identify and make a reasonable accommodation for Mr. Bralo?

    Answer Yes or No __No__

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

19. That Mr. Bralo should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

    Answer Yes or No __Yes__

    If your answer is "Yes," in what amount? $ __150,000__

20. That Serge Bralo should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No __Yes__

    If your answer is "Yes," in what amount? $ __10,000__

If you did not award damages in response to either Question Nos. 19 or 20, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If you awarded damages in response to Question Nos. 19 or 20 (or both), go to the next question.

21. That punitive damages should be assessed against Spirit Airlines?

    Answer Yes or No __Yes__

    If your answer is "Yes," in what amount? $ __375,000__

So Say We All.

Date: 02/13/2014

_____
Foreperson's Signature

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EAURL C. ARCHER,

    Plaintiff,

v.                                CASE NO.  4:00cv335-RH

AARON RENTS, INC. d/b/a
MacTAVISH FURNITURE
INDUSTRIES,

    Defendant.
_____/

## VERDICT

WE, THE JURY, UNANIMOUSLY RETURN THE FOLLOWING VERDICT:

1. Did MacTavish Furniture Industries regard Mr. Archer as having a "disability"?

    YES   ✓         NO _____

[If your answer to question 1 is "No," please skip questions 2 through 4 and have your foreperson sign and date this verdict.  If your answer to question 1 is "Yes," please proceed to question 2.]

U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE FLA.

01 MAY 23 PM 4: 01



75    FILED

2. Was Mr. Archer's perceived disability a substantial or motivating factor in MacTavish's decision to terminate Mr. Archer's employment?

YES ___✓___        NO _____

[If your answer to question 2 is "No," please skip questions 3 and 4 and have your foreperson sign and date this verdict. If your answer to question 2 is "Yes," please proceed to question 3.]

3. Would MacTavish have terminated Mr. Archer anyway, even in the absence of any perceived disability?

YES _____        NO ___✓___

[If your answer to question 3 is "Yes," please skip question 4 and have your foreperson sign and date this verdict. If your answer to question 3 is "No," please proceed to question 4.]

2

4. What is the amount of any damages sustained by Mr. Archer for:

a. Lost wages (through today) with interest?

$ 44,051.02

b. Emotional pain and mental anguish (through today)?

$ 500,000.00

SO SAY WE ALL THIS 23rd DAY OF MAY, 2001.

_____
Foreperson

3