# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61307-CIV-SMITH

CYNTHIA GALVAN,

    Plaintiff,

v.

MARKETSOURCE, INC.,

    Defendant.

    _____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff Cynthia Galvan's ("Plaintiff") Motion to Remand [DE 6] and Defendant MarketSource, Inc.'s ("Defendant") Response [DE 13]. Plaintiff did not file a Reply. The Court has carefully reviewed the Motion to Remand, the Response, all supporting and opposing submissions, including Defendant's submitted declaration [DE 14], and the record as a whole. For the reasons set forth below, Plaintiff's Motion to Remand [DE 6] is **GRANTED**.

Plaintiff was terminated by Defendant, her former employer, on December 6, 2017. *See* Decl. of Alison Nesbitt [DE 14-1] at ¶ 5. Plaintiff originally filed her Complaint in state court, in the Seventeenth Judicial Court in and for Broward County, Florida, on April 10, 2019. *See* Compl. [DE 1-1 at 5-11]. Plaintiff's Complaint asserts claims against Defendant for handicap/disability discrimination, denial of reasonable accommodation, and retaliation in violation of the Florida Civil Rights Act, Fla. Stat. § 760, *et seq.* ("FCRA"). *See id*. The case was removed to this Court on May 24, 2019. *See* Not. of Removal [DE 1]. The Notice of Removal asserts that this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity

1

of citizenship between Plaintiff and Defendant, and the amount of controversy exceeds the sum of $75,000. The instant Motion to Remand disputes these grounds for removal and contends that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 at the time of removal.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant may remove an action to federal court if the matter in controversy is greater than $75,000 and if the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party seeking removal has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). In determining the amount in controversy, the court should look first to the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* Uncertainties are resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

It is not facially apparent from the Complaint that the amount in controversy exceeds $75,000; accordingly, the Court turns to the Notice of Removal. Defendant's proposed calculation of the amount in controversy takes into account Plaintiff's request for compensatory damages in the form of back pay, from the time of Plaintiff's termination (December 6, 2017) through a hypothetical date of trial one year from removal of the case. Defendant calculates that the back

pay will total $76,977.60 ($663.60/week[1] x 116 weeks), exceeding the amount in controversy requirement[2]. Plaintiff argues that this calculation is improper because the amount in controversy is determined at the time of removal. Defendant also asserts that "verdicts on meritorious FCRA cases in United States District Courts in Florida further suggest that the amount in controversy here exceeds $75,000," attaching jury verdict forms from other cases. Not. of Removal ¶ 13. Additionally, Defendant's Response to the Motion to Remand references other sources of damages as pled in the Complaint as properly included in the amount in controversy, including front pay, compensatory damages, and punitive damages.

As to back pay, there is a split amongst the district courts in Florida regarding whether to calculate back pay through the date of removal or the date of trial. *Compare Salomon v. Ezcorp, Inc.*, 349 F. Supp. 3d 1334, 1337 (S.D. Fla. 2018) (calculating back pay through the date of removal), *and Hardman v. Zale Delaware, Inc.*, No. 16-CV-62826, 2017 WL 759023, at *3 (S.D. Fla. Feb. 28, 2017) (same), *with Booker v. Doyon Sec. Servs., LLC*, No. 16-24146-CIV, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017) (calculating back pay through a trial date estimated one year from the filing of action). As did the *Salomon* and *Hardman* courts, this Court finds that the more reasoned approach is to calculate back pay through the date of removal because the Court's inquiry is based on the "evidence relevant to the amount in controversy at the time the case was removed." *Pretka*, 608 F.3d at 754; *see also Avery v. Wawa, Inc.*, No. 8:18-CV-403-T-33TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018) ("this Court has repeatedly held that the amount

---

[1] Defendant's submitted declaration of Alison Nisbett, Defendant's Director of Human Resources, attests that Plaintiff's base hourly wage was $16.59/hour and that the standard number of hours Plaintiff worked was 40 hours/week (thus, $16.59 multiplied by 40 hours is a weekly pay rate of $663.60). *See* Decl. of Alison Nesbitt at ¶¶ 6, 7. Plaintiff does not contest these figures.
[2] In its Response, Defendant relies on the parties' proposed trial date of May 25, 2020 in their proposed Joint Scheduling Report [DE 7], calculating the amount in controversy for lost wages at $84,940.80. The difference in calculation, however, does not affect the Court's ruling.

in controversy is determined at the time of removal and thus does not include post removal back pay") (internal citations omitted). In refusing to calculate back through the trial date, one court stated:

> [T]his Court is not persuaded that reasonable deductions can support calculating back pay through the date of trial. If calculated through the date of trial, the Court would be required to not only estimate a trial date, but also predict whether Plaintiff will or will not continue to mitigate his damages between the date of removal and that estimated trial date. These predictions would be too uncertain and based on the unknown, impermissibly formed from speculation, rather than evidence before the Court. For the purposes of this motion, the Court will calculate back pay through the date of removal to avoid impermissible speculation.

*Ambridge v. Wells Fargo Bank, N.A.*, 14-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014) (declining to calculate back pay through estimated trial date). So too here will the Court decline to engage in the speculation necessary to calculate back pay from the date of trial.[3] Defendant argues that Plaintiff's claim that she will mitigate her damages is too abstract to affect the amount in controversy; however, Defendant's argument only adds to the reason why the Court will avoid such speculation and, instead, will calculate back pay through the date of removal. Accordingly, based on Defendant's calculations, the amount of back pay from Plaintiff's termination to the date of removal (76 weeks) is approximately $50,433.60, which falls short of the amount in controversy.

---

[3] While the parties have selected a proposed trial date of May 25, 2020 in their proposed scheduling order, which was submitted at the request of formerly presiding U.S. District Judge Beth Bloom prior to transfer of this matter to the undersigned, this date is still speculative, as the Court has not yet set this case down for trial. Moreover, as a matter of judicial experience, it is relatively unlikely that any given case will proceed through trial. Speculating that a case will do so at the removal stage is to rely on future, hypothetical events to establish jurisdiction, which is not permitted. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) ("[P]ost-filing events that increase defendant's outlay cannot create jurisdiction that was lacking at the outset.") (citing *Burns*, 31 F.3d at 1097).

Defendant maintains that, even capping the amount of back pay to the time of the removal, the amount in controversy is still met by adding front pay, compensatory damages, and punitive damages to the calculation. As to front pay, Defendant posits the addition of one year of front pay, at $34,507.20 ($663.60 x 52 weeks), to the amount in controversy. In support of its argument, Defendant cites to employment discrimination cases in the Eleventh Circuit. However, Defendant "fails to provide specific allegations or facts to support its contention that one year of front pay is in controversy, since Plaintiff's claim is unspecified." *Burrows v. State Farm Mut. Auto. Ins. Co.*, No. 8:17-CV-212-T-27AEP, 2017 WL 3316131, at *3 (M.D. Fla. Aug. 3, 2017). "Prior court rulings in unrelated cases are not persuasive." *Id.* "Speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." *Avery*, 2018 WL 1008443, at *3. Moreover, the Court has no facts before it in the record supporting whether front pay is even appropriate here, as "[t]he same mitigation of damages analysis applies to back pay and front pay awards." *Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1318 (S.D. Fla. 2004), *aff'd*, 183 F. App'x 872 (11th Cir. 2006). The same holds true for compensatory and punitive damages, which would also require the Court to engage in impermissible speculation in order to add to the amount in controversy.

Based on the foregoing, the Court must conclude that Defendant has failed to meet its burden to establish the jurisdictional amount in controversy of $75,000 by a preponderance of the evidence. The record evidence is simply insufficient to establish an amount in controversy above $75,000. Thus, the Court is obligated to remand the case to state court. *See Salomon*, 349 F. Supp. 3d at 1338 (S.D. Fla. 2018) ("When the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 6] is **GRANTED**.

2. This case is **REMANDED** to state court, in the Seventeenth Judicial Court in and for Broward County, Florida.

3. This case is **CLOSED**. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED AS MOOT**, all hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of November, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE